IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METTA WOODRUFF, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| R. SETH WILLIAMS, et al. | : | No. 14-1146 |
| Respondents. | : | |

## MEMORANDUM AND ORDER

**DITTER, J.**                                                    **October 19, 2016**

Before me is Judge Strawbridge's thoughtful and well-reasoned Report and Recommendation recommending that Petitioner's petition for a writ of *habeas corpus* be stayed and held in abeyance pending exhaustion of state court remedies.

In evaluating Petitioner's *habeas* petition, Judge Strawbridge presented a comprehensive review of Petitioner's convoluted appellate history in the Pennsylvania courts and the relevant law regarding the proper presentation of federal *habeas* claims to the state courts prior to review in a *habeas* petition.  Judge Strawbridge then concluded that the delay in adjudicating Petitioner's state court petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et seq*. ("PCRA") was neither inexcusable or inordinate.[1]  *See Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994).  Although

---

[1] Indeed, as of November 18, 2015, Petitioner requested that her petition be stayed pending exhaustion of her state court remedies if the court were to find exhaustion of her state court claims was required.

I initially agreed with Judge Strawbridge's conclusion, in the intervening 6 months it has become clear that Petitioner's case is once again stalled in the state courts.[2]  The hearing on Petitioner's PCRA petition has been continued at least 5 times.  Although a PCRA hearing is currently scheduled for November 14, 2016, there is no certainty that the hearing will proceed at that time.  Petitioner's PCRA petition has been pending in the state court for over 5 years.  Judge Strawbridge was clearly disturbed by the glacial pace of Petitioner's state court appeal, as am I.  In light thereof, I conclude that inordinate delay in the state court process has rendered Petitioner's efforts to exhaust her claims in state court futile and direct that Petitioner's *habeas* claims shall be addressed on their merits.[3]

An appropriate Order follows.

---

[2]  On March 28, 2016, I approved and adopted Judge Strawbridge's February 29, 2016, Report and Recommendation in the absence of any objection from Petitioner.  On April 5, 2016, however, I deemed Petitioner's subsequently filed objections timely, vacated my Order approving and adopting the Report and Recommendation, and ordered Respondents to address Petitioner's most recent procedural history as it related to the issue of inordinate delay.

[3]  I note that Respondents were previously ordered to address the merits of Petitioner's claims in Judge Strawbridge's June 25, 2015 Order.  To date, Respondents have not addressed the merits of any of Petitioner's claims.