IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METTA WOODRUFF, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| R. SETH WILLIAMS, et al. | : | No. 14-1146 |
| Respondents. | : | |

**MEMORANDUM ORDER**

**DITTER, J.**                                                                 February 15, 2017

Upon consideration of the petition for a writ of *habeas corpus*, the Commonwealth's Response, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, Petitioner's objections, and *de novo* review of the record, I make the following findings and reach the following conclusions:

1. Petitioner Metta Woodruff filed a *pro se* petition for writ of *habeas corpus* on February 24, 2014, attacking her 2007 conviction for aggravated assault, recklessly endangering another person, and possession of an instrument of crime. On November 30, 2016, Judge Strawbridge issued a Report and Recommendation concluding that Petitioner's petition should be denied because her claims were meritless.[1] Petitioner has filed objections arguing that Judge Strawbridge erred in analyzing her claims that the verdict was against the weight of the evidence and that she is serving an illegal sentence

---

[1] Prior to the issuance of his November 2016 Report and Recommendation, Judge Strawbridge had issued a Report and Recommendation on February 29, 2016, recommending that Petitioner's *habeas* petition be placed in suspense while Petitioner's appeal was pending in state court. Petitioner objected to her case being placed in suspense arguing that inordinate delay in the state court process had rendered exhaustion of her state court remedies futile. On October 19, 2016, after little to no progress was made on Petitioner's state appeal, I concluded that the appeal was stalled indefinitely and ordered that Petitioner's federal *habeas* claims be addressed on their merits.

>           pursuant to *Alleyne v. United States,* 133 S.Ct. 2151 (2013).[2]

> 2.      Petitioner first argues that Judge Strawbridge erred in concluding that her weight of the evidence claim did not merit federal *habeas* relief. More specifically, she contends that the Pennsylvania Superior Court did not have authority to rule on a "weight of the evidence" issue because members of the appellate court were not present at trial. As Judge Strawbridge properly determined, however, it is well established that a federal *habeas* court has no power to grant *habeas corpus* relief because it finds that a state conviction is against the "weight" of the evidence. *See Tibbs v. Florida*, 457 U.S. 31, 42-45 (1982). Petitioner's weight of the evidence claim is not cognizable on federal *habeas* review.

> 3.      Petitioner next argues that Judge Strawbridge erred in concluding that *Alleyne*, *supra*, did not apply to her sentence. In *Alleyne*, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of that crime, not a "sentencing factor," and thus must be submitted to a jury. Petitioner's conviction became final on direct appeal in 2010. *Alleyne* was decided in 2013 while Petitioner's collateral appeal, a properly filed PCRA petition, was pending in state court. The Third Circuit Court of Appeals has concluded that *Alleyne's* new rule of law does not apply retroactively to cases on collateral review. *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014). Thus,

---

[2] I retain jurisdiction over this matter even though Petitioner has notified the court that "on or after January 24, 2017," she was due to be granted parole and placed on parole supervision for an additional 80 months. Section 2254 confers jurisdiction on United States District Courts to entertain petitions for *habeas corpus* relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254 as mandating that the petitioner be "in custody" pursuant to the conviction or sentence he seeks to attack at the time his petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). The custody requirement has been extended beyond those "held in actual, physical custody in prison or jail." *Jones v. Cunningham,* 371 U.S. 236, 238, 243 (1963) (those on parole are "in custody" for the purposes of federal *habeas* relief). The Third Circuit has defined "custody" as the imposition of "'significant restraints on liberty . . . not shared by the public generally,' along with 'some type of continuing government supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (per curiam) (citations omitted). Because Petitioner was "in custody" when she filed the instant petition and because she remains "in custody" for the duration of her parole, I still have jurisdiction over her *habeas* petition..

       *Alleyne* does not provide Petitioner with any basis for federal *habeas* relief.[3]

4.     Judge Strawbridge's proposed findings are amply supported by the record. Moreover, he has carefully and accurately applied the law. As a result, I will adopt and approve the report and recommendations of the learned magistrate judge.

Therefore, **I HEREBY ORDER** that:

1.     Petitioner's objections to the Report and Recommendation are **OVERRULED**.

2.     The Report and Recommendation is **APPROVED and ADOPTED**.

3.     The petition for a writ of *habeas corpus* is **DENIED WITH PREJUDICE**.

4.     There is no probable cause to issue a certificate of appealability.

5.     The Clerk of Court shall mark this case closed for statistical purposes.

 

        /s J. William Ditter, Jr.
        J. WILLIAM DITTER, JR., J.

---

[3] In her Objections, filed on December 14, 2016, Petitioner points to the case of *Commonwealth v. Ciccone*, 2016 Pa. Super. LEXIS 377 (Pa. Super. July 12, 2016), arguing that the Pennsylvania Superior concluded that *Alleyne* applied retroactively. However, on December 13, 2016, the Pennsylvania Superior Court issued an updated opinion in *Commonwealth v. Ciccone*, _ A.3d _ , 2016 WL 7693907 (E.D. Pa. Dec. 13, 2016), noting that its previous decision had been withdrawn and concluding that *Alleyne* did not apply retroactively.